IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| XAVIER JOHNSON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   CASE NO.:  CV-05-2:05CV704-M |
| | * |
| BIG 10 TIRES, INC., | * |
| | * |
| Defendant. | * |

## ANSWER

Comes now Defendant, Big 10 Tires Stores, Inc. (Big 10), and answers the allegations of the Complaint, as follows:

1. Defendant admits that Plaintiff alleges claims under federal and Alabama law statutory law; no claims are alleged under the United States or Alabama constitutions. Defendant denies the remaining allegations, if any, of paragraph one of the complaint.

2. Defendant admits that Plaintiff alleges federal claims under Title VII of the Civil Rights Act of 1964 and under 42 U.S.C. § 1981. Defendant denies the remaining allegations, if any, of paragraph two of the complaint.

3. Defendant admits that this court has jurisdiction over the claims under 28 U.S.C. § 1331 and 1343. Defendant denies the remaining allegations, if any, of paragraph three of the complaint.

4. Defendant admits that Plaintiff filed an EEOC charge on May 13, 2004 and filed a civil action within ninety (90) days of his receipt of the right to sue notice by the EEOC dated May 4, 2005. Defendant denies the remaining allegations, if any, of paragraph four of the complaint.

5.  Admitted.

6.  Admitted.

7.  Admitted.

8.  Admitted, except that Defendant is incorporated in Alabama.

9.  Admitted.

10. Admitted.

11. Admitted.

12. Defendant admits that starting salaries vary depending on experience and other relevant facts. Defendant denies the remaining allegations, if any, of paragraph twelve of the complaint.

13. Admitted.

14. Defendant admits that Lynam (white male) was the store manager and was Plaintiff' supervisor. Day's (white male) exact title was unclear; he was not a supervisor. Defendant denies the remaining allegations, if any, of paragraph fourteen of the complaint.

15. Admitted.

16. Defendant admits that Lynam so evaluated Plaintiff on May 26, 2003 when Plaintiff's pay rate was raised from $6.50 per hour to $7.00 per hour effective June 5, 2003.

17. Defendant admits that starting salaries vary depending on experience and other relevant facts. Defendant further admits that raises vary depending on performance and other relevant factors. Defendant denies the remaining allegations, if any, of paragraph seventeen of the complaint.

18. Defendant admits that John Starling (white) was hired as a Tire Tech on July 15, 2003 at $7.00 per hour and raised to $7.50 per hour on February 19, 2004.

19. Denied on information and belief.

20. Defendant admits that Plaintiff was raised to $7.00 per hour effective June 5, 2003. Defendant denies the remaining allegations of paragraph twenty of the complaint.

21. Defendant admits that Lyman had previously worked at other Big 10 Stores, including number 82 on Zelda Road. Defendant denies the remaining allegations of paragraph twenty-one of the complaint.

22. Denied.

23. Big 10 had no prior knowledge of racial harassment or language by Lynam, nor had Plaintiff made any such complaints to management. Big 10 was first aware of racial discrimination complaints by Plaintiff when it received notice of his EEOC charge on May 24, 2004. Big 10 promptly investigated that same week. During interviews, several store workers stated that Lynam had used offensive and unacceptable racial language. It was also alleged that Lynam had attempted to coerce a store employee to change his story. Although Lynam denied the allegations, Big 10 informed Lynam that he would be terminated. Lynam then requested and was allowed to resign in lieu of termination. Defendant denies the remaining allegations of paragraph twenty-three of the complaint.

24. Defendant adopts its answer to paragraph twenty-three of the complaint.

25. Defendant adopts its answer to paragraph twenty-three of the complaint.

26. Defendant adopts its answer to paragraph twenty-three of the complaint.

27. Defendant adopts its answer to paragraph twenty-three of the complaint.

28. Defendant adopts its answer to paragraph twenty-three of the complaint.

29. Denied on information and belief.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Defendant adopts its answer to paragraph twenty-three of the complaint.

35. Admitted.

36. Denied on information and belief.

37. Denied; Plaintiff did not work the hours assigned to him. He was warned for tardiness on March 29, 2004. Plaintiff was changed from full time to part time because of his continued tardiness and failure to work the hours assigned. Plaintiff stated that he was working another job and was agreeable to the change. Even after he was changed to part time status, Plaintiff still failed to work the hours assigned and failed to work all hours available to him. Defendant denies the remaining allegations, if any, of paragraph thirty-seven of the complaint.

38. Defendant adopts its response to paragraph thirty-seven of the complaint.

39. Defendant adopts its response to paragraph thirty-seven of the complaint.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Defendant adopts its answer to paragraph twenty-three of the complaint.

49. Denied.

50. Defendant adopts its answer to paragraph twenty-three of the complaint.

51. Defendant adopts its answer to paragraph twenty-three of the complaint.

52. Defendant was transferred to store number 82 on June 16, 2004. Defendant denies the remaining allegations, if any, of paragraph fifty-two of the complaint.

53. Denied.

54. Denied.

55. Denied, except that Defendant admits that Troutman stated that Big 10 did not discriminate.

56. Defendant admits that Troutman asked Plaintiff if he would transfer to another store that was better able to accommodate his part time schedule and his inability to report to work on time due to his other employment. Plaintiff agreed.

57. Defendant adopts its response to paragraph fifty-six of the complaint.

58. Defendant admits that Plaintiff was transferred to Store No. 23 with his approval.

59. Denied.

60. Denied.

61. Denied.

62. Denied; Plaintiff still fails to work all of the hours made available to him by the company and continues to have problems with attendance and tardiness.

63. Admitted.

64. Admitted, except that it is $1.00 for shocks.

65. Denied on information and belief.

66. Defendant denies that Plaintiff failed to receive any incentive pay that he earned.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Defendant adopts its response to paragraphs 1-72 of the complaint.

74. Defendant admits that Plaintiff is a member of a class protected by Title VII; Defendant denies the remaining allegations of paragraph seventy-four of the complaint.

75. Denied.

76. Denied.

77. Denied.

78. Defendant adopts its answers to paragraphs 1-77 of the complaint.

79. Denied.

80. Denied.

81. Defendant adopts its responses to paragraphs 1-80 of the complaint.

82. Defendant admits that Plaintiff is a member of a class protected by 42 U.S.C. §1981; Defendant denies the remaining allegations of paragraph eighty-two of the complaint.

83. Denied.

84. Denied.

85. Defendant adopts its answers to paragraphs 1-84 of the complaint.

86. Denied.

87. Denied.

88. Denied.

89. Defendant adopts its responses to paragraphs 1-88 of the complaint.

90. Denied.

91. Denied.

92. Defendant adopts its responses to paragraphs 1-91 of the complaint.

93. Denied.

94. Denied.

95. Denied.

96. Defendant denies that Plaintiff is entitled to the relief requested or any other relief in this action.

## FIRST DEFENSE

The complaint, and each claim therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Each allegation not expressly admitted is denied.

## THIRD DEFENSE

Plaintiff may not challenge under Title VII any acts or omissions first occurring more than 180 days prior to the filing of a charge of discrimination with the EEOC.

## FOURTH DEFENSE

Plaintiff may not challenge under 42 U.S.C. § 1981 any acts or omissions first occurring more than two years prior to the filing of this complaint.

## FIFTH DEFENSE

Plaintiff's damages under Title VII are limited by the provisions of 42 U.S.C. § 1981a(b)(3).

## SIXTH DEFENSE

Plaintiff voluntarily quit his job with Defendant.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant took prompt and effective remedial action upon becoming aware of possible racial harassment.

## EIGHTH DEFENSE

Plaintiff would have been treated the same by Defendant for legitimate non-discriminatory reasons even if his race had not been considered, any such consideration being expressly denied.

## NINTH DEFENSE

Plaintiff would have been treated the same by Defendant for legitimate non-discriminatory reasons even if retaliation had not been considered, any such consideration being expressly denied.

## TENTH DEFENSE

Plaintiff has failed to make reasonable efforts to mitigate his damages (if any).

## ELEVENTH DEFENSE

Claim four fails to state a claim upon which relief can be granted under Alabama Law.

## TWELVETH DEFENSE

Claim five fails to state a claim upon which relief can be granted under Alabama Law.

- 9 -

### THIRTEENTH DEFENSE

Claim six fails to state a claim upon which relief can be granted under Alabama Law.

### FOURTEENTH DEFENSE

Alabama has no law, and recognizes no claim, for racial discrimination or failure to prevent racial discrimination or harassment.

### FIFTEENTH DEFENSE

Plaintiff may not challenge under Alabama law any acts or omissions first occurring more than two years prior to the filing of this complaint.

/s/ William C. Tidwell
WILLIAM C. TIDWELL, III
Attorney for Defendant
Big 10 Tires, Inc.

OF COUNSEL:
HAND ARENDALL, L.L.C.
3000 AmSouth Bank Building
107 St. Francis Street (36602)
Post Office Box 123
Mobile, Alabama  36601
Telephone:    (251) 432-5511
Facsimile:    (251) 634-6375
Email:  btidwell@handarendall.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 24<u>th</u> day of August, 2005, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following:

<u>COUNSEL OF RECORD</u>:

Brian M. White, Esq.
WHITE & OAKES, P.C.
Post Office Box 2538
Decatur, Alabama  35602

                                      /s/ William C. Tidwell